Maria Isabel RODRIGUEZ et al., Appellants,

v.

Alan HOLMES et al., Appellees.

No. 15745.

Court of Civil Appeals of Texas, San Antonio.

Sept. 21, 1977.

Paul D. Rich, San Antonio, for appellants.

David Stephenson, San Antonio, for appellees.

KLINGEMAN, Justice.

This is a wrongful death action involving the Texas Tort Claims Act, Tex.Rev.Civ. Stat.Ann. art. 6252–19 (1970). Plaintiffs are the surviving wife and children of Joaquin Rodriguez, who died while undergoing treatment at the Memorial Hospital of Uvalde. The Memorial Hospital is a political subdivision of the State of Texas. Defendants were two doctors [1]; Alan Holmes, Administrator of Memorial Hospital; Alicia Guerra, a licensed vocational nurse at Memorial Hospital; and Mary Dirksen, a registered nurse at Memorial Hospital.

Plaintiffs alleged various acts of negligence, including allegations that defendants were negligent:

1. In failing to provide adequate facilities for the treatment of heart patients;

2. In removing the oxygen supply from Joaquin Rodriguez while he was being moved from an emergency room to another room;

3. In failing to provide the necessary oxygen supply to Rodriguez at all times subsequent to his admittance.

Defendants asserted they were not liable for such damage on the ground of governmental immunity, and all defendants filed motions for summary judgment predicated on such immunity. The trial court granted all of defendants' motions for summary judgment.

Joaquin Rodriguez began coughing and experienced acute difficulty in breathing at his home in Uvalde and was taken to the Memorial Hospital. A doctor who was on the staff at Memorial Hospital was called by one of the defendant nurses, and she was told by such doctor to give Rodriguez injections of Serpasil and Vistaril. He was also given oxygen, as ordered by the doctor. When Rodriguez did not respond, one of the defendant nurses called the doctor again, who then ordered an injection of Lasix and also ordered that the patient be admitted. The patient still remained in extreme distress and a third telephone call was made, and at such time, the doctor agreed to come to the hospital.

Rodriguez was then taken from the emergency room to an extended care facility which is some distance from the emergency room. At such time, the oxygen supply was removed and Rodriguez was without oxygen during all the period of time that he was being moved, which was a period of several minutes. Either shortly before or after arrival at the room, Rodriguez died from a heart attack. Written interrogatories revealed that Rodriguez' blood pressure was 230/130; that he had severe difficulty breathing; that his pulse was 138; that his respiration was 36; and that he had a history of heart problems. The interrogatories also showed that Rodriguez was put on oxygen because of respiratory difficulties at the time of his admittance; that the oxygen was continued until the time he was moved; and that it took several minutes to move him from the emergency room to the extended care facility, all of which time he was without oxygen.

■ This is a summary judgment proceeding. In summary judgment cases, the question on appeal, as well as in the trial court, is not whether the summary judgment proof raises fact issues with reference to essential elements of a plaintiff's claim or cause of action, but whether the summary judgment proof establishes as a matter of law that there is no genuine issue of fact as to one or more of the essential elements of the plaintiff's cause of action. *Farley v. Prudential Ins. Co.*, 480 S.W.2d 176, 178 (Tex.1972); *Gibbs v. General Motors Corp.*, 450 S.W.2d 827 (Tex.1970).

The Texas Tort Claims Act provides a broad waiver of sovereign immunity, which is then narrowed by a list of exceptions. "The result is essentially waiver in three general areas: use of publicly owned automobiles, premise defects, and injuries arising out of conditions or use of property." Greenhill & Murto, *Governmental Immunity*, 49 Texas L.Rev. 462, 468 (1971).

1. Such doctors are not parties to this appeal, since plaintiffs settled with such doctors, and the cause of action as to the herein defendants was severed.

This appeal rests basically on the question of whether plaintiffs have plead a cause of action showing death caused from some condition or some use of tangible personal property.

Plaintiffs' appeal is predicated upon that portion of the Texas Tort Claims Act which provides for liability of governmental entities for personal injuries or death caused "from some condition or some use of tangible property, real or personal, under circumstances where such unit of government, if a private person, would be liable to the claimant in accordance with the law of this state." Tex.Rev.Civ.Stat.Ann. art. 6252–19, § 3 (Supp. 1977).[2]

This cause is governed by the decisions in *Lowe v. Texas Tech University*, 540 S.W.2d 297 (Tex.1976); *Mokry v. University of Texas Health Science Center*, 529 S.W.2d 802 (Tex.Civ.App.—Dallas 1975, writ ref'd n. r. e.);[3] *McGuire v. Overton Memorial Hospital*, 514 S.W.2d 79 (Tex.Civ.App.—Tyler 1974), *writ ref'd n. r. e. per curiam*, 518 S.W.2d 528 (Tex.1975).

In *McGuire*, the plaintiff sued a city operated hospital for injuries sustained when he fell out of a bed not equipped with bed rails, contending that the defendant was negligent in failing to provide such bed rails. The hospital moved for summary judgment on the ground of governmental immunity, and plaintiff contended that such immunity was waived by the Texas Tort Claims Act. The trial court granted summary judgment, which was reversed by the Court of Civil Appeals.

The Supreme Court, in its per curiam opinion, stated that the question before it was whether the hospital can assert governmental immunity to escape liability for its negligence or whether such immunity was waived by the Tort Claims Act. The Supreme Court held that McGuire's petition stated a cause of action under such Act, and said:

We believe that injuries proximately caused by negligently providing a bed without bed rails are proximately caused from some condition or some use of tangible property under circumstances where a private person would be liable. Therefore, if the Hospital is found negligent in providing a bed without guard rails, it may not assert governmental immunity to avoid liability under $100,000.00 for injuries proximately caused by such negligence. 518 S.W.2d at 529.

A recent expression by the Supreme Court on the matter here involved is found in *Lowe v. Texas Tech University, supra*, where Lowe alleged that he suffered permanent injuries while playing football, this case involved pleadings, or allegations very similar to the pleadings in the case before us, Lowe contending that coaches, managers, and trainers were negligent in several respects, including (a) failing to furnish proper equipment, supporting braces, and/or devices; (b) failing to permit plaintiff to wear proper equipment, braces, and supporting devices available; (c) furnishing equipment and pads which were defective; and (d) refusing to permit plaintiff to wear proper and correctly prescribed equipment, braces, and supporting devices. The Court of Civil Appeals held that the plaintiff's cause of action fell into the category of an error of judgment on the part of an employee and that the injuries to plaintiff

---

2. Art. 6252–19, § 4. "To the extent of such liability created by Section 3, immunity of the sovereign to suit, as heretofore recognized and practiced in the State of Texas with reference to units of government, is hereby expressly waived and abolished, and permission is hereby granted by the Legislature to all claimants to bring suit against the State of Texas, or any and all other units of government covered by this Act, for all claims arising hereunder."

Art. 6252–19, § 13. "The provisions of this Act shall be liberally construed to achieve the purposes hereof."

3. In *Mokry*, the plaintiff sued the University of Texas Health Science Center for the loss of an eyeball which was washed down the drain in the process of a pathological examination to determine whether the eye was cancerous. The Court of Civil Appeals held that Mokry's allegations that he suffered personal injuries as the result of the negligence of employees of the state in the use of tangible property owned by the state at the Health Science Center recited a valid cause of action under the Texas Tort Claims Act.

were not caused by the use of tangible property within the Texas Tort Claims Act, and affirmed the trial court, which had dismissed and abated plaintiff's cause of action. The Supreme Court reversed and said:

> The allegations in the case at bar require a construction of the statutory language of the Tort Claims Act in two respects: whether the waiver of immunity is invoked by allegations that Texas Tech through its authorized personnel was negligent in affirmatively furnishing "equipment, uniforms and pads which were defective"; and, whether the waiver is also invoked by the allegations of negligent acts of failure to furnish proper equipment and failure or refusal to permit the wearing of proper equipment.

> \* \* \* \* \* \*

> As to the first, we hold that the affirmative allegation of furnishing defective equipment to Lowe states a case within the statutory waiver of immunity arising from some condition or some use of tangible property. It is further apparent that a failure to furnish proper protective equipment for Lowe's injured knee, if such was the case, is not distinguishable, in so far as the problem at hand is concerned, from the failure to provide bed rails for a hospital bed in *McGuire*, or from the failure to provide protective items of laboratory equipment in *Mokry*.

> . . . Both the standard and specially designed protective devices are integral parts of the football uniform, e. g., special taping or knee braces furnished a player with an injured knee are as much a part of his uniform as his helmet, or shoulder pads, or whatever. So we also hold that Lowe's allegations of a negligent failure to furnish him proper protective items of personal property, to be used as a part of the uniform furnished him, bring his case within the statutory waiver of immunity arising from some condition or some use of personal property. 540 S.W.2d at 300.

Plaintiffs' petition stated a cause of action under the Texas Tort Claims Act. We have concluded that the trial court improperly granted defendants' motions for summary judgment. The judgment of the trial court is reversed and remanded for a new trial.