**Richard GARCIA and Colleen Kid Garcia, Appellants,**

v.

**MEMORIAL HOSPITAL, Appellee.**

**No. 15746.**

Court of Civil Appeals of Texas, San Antonio.

Nov. 2, 1977.

Paul D. Rich, San Antonio, for appellants.

David Stephenson, San Antonio, for appellee.

MURRAY, Justice.

This is a wrongful death action involving the Texas Tort Claims Act, Tex.Rev.Civ. Stat.Ann. art. 6252–19, §§ 3 and 4 (1970). Plaintiffs are the parents of deceased child, Richard S. Garcia, age 3 years, who died while undergoing treatment at the Memorial Hospital of Uvalde. Memorial Hospital is a political subdivision of the State of Texas and was established under authority of Tex.Rev.Civ.Stat.Ann. art. 4494r (1976). Defendants were Memorial Hospital of Uvalde, Alan Holmes, and Thavian Thresiamma.

Plaintiffs alleged that defendants were negligent due to failure to insure that the vital components of necessary life sustaining equipment would be available and ready for use.

On or about October 24, 1974, the deceased child, Richard S. Garcia, experienced difficulty in breathing. Memorial Hospital of Uvalde was notified by plaintiffs to be ready to admit the child. At approximately 12:15 a.m., the deceased child was taken to the emergency room of Memorial Hospital, where the child was not admitted. Plaintiffs telephoned Dr. George M. Allison, who ordered medication over the phone. After returning home, the plaintiffs rushed the deceased back to Memorial Hospital at approximately 7:30 a.m., and the child was then admitted to the Hospital.

In treating the deceased child, Dr. Allison used equipment furnished and maintained by Memorial Hospital. Assisting Dr. Allison was Thavian Thresiamma. Due to the unavailability of a Pediatric Endo-Tracheal Tube, the deceased child could not be properly treated for his condition and died due to aspiration of mucous and vomitus filling the lungs.

Defendants filed a motion for summary judgment alleging that the Memorial Hospital of Uvalde, Texas was incorporated under the terms of art. 4494r, Tex.Rev.Civ. Stat.Ann., and as a political subdivision of the State of Texas was entitled to governmental immunity and that the two individual defendants, as employees of Memorial Hospital, were entitled to immunity. The lower court granted and rendered an order for summary judgment in favor of the defendants, based on their claim of governmental immunity.

Appellants' appeal rests on the question of whether there exists a cause of action under § 3 of the Texas Tort Claims Act. art. 6252–19, Tex.Rev.Civ.Stat.Ann. Appellants do not dispute the fact that appellee is generally immune from tort liability; however, such immunity from liability is waived through the acts of appellee, as provided by the Texas Tort Claims Act. § 3 of the Texas Tort Claims Act reads as follows:

> Each unit of government in the state shall be liable for money damages for personal injuries or death when proximately caused by the negligence or wrongful act or omission of any officer or employee acting within the scope of his employment or office arising from the operation or use of a motor-driven vehicle and motor-driven equipment, . . . under circumstances where such officer or employee would be personally liable to the claimant in accordance with the law of this state, or death or personal injuries so caused from some condition or some use of tangible property, real or personal, under circumstances where such unit of government, if a private person, would be liable to the claimant in accordance with the law of this state.

The pertinent language in § 3 upon which appellants base their appeal is that the death of Richard S. Garcia was " . . . caused from some condition or some use of tangible property, real or personal . . " while the child was in the care and treatment of the appellees.

We hold that plaintiffs'-appellants' petition stated a cause of action under the Texas Tort Claims Act. This cause is governed by the decisions in *Lowe v. Texas Tech University*, 540 S.W.2d 297 (Tex.1976); *McGuire v. Overton Memorial Hospital*, 514 S.W.2d 79 (Tex.Civ.App.—Tyler), *writ ref'd n.r.e. per curiam*, 518 S.W.2d 528 (Tex. 1975); *Rodriguez v. Holmes*, 556 S.W.2d 125 (Tex.Civ.App.—San Antonio, 1977).

In *Rodriguez*, the plaintiff alleged various acts of negligence, including inadequate services for treatment of heart patients and failure to provide adequate oxygen. The trial court granted defendants' motions for summary judgment. Plaintiff's appeal was predicated upon a portion of the Texas Tort Claims Act, which provides liability of governmental entities for the injuries arising out of conditions or use of property. This court reversed and remanded the cause, holding that the failure of defendants to provide adequate equipment stated a cause of action under the Texas Tort Claims Act.

We hold that appellants' allegations of a negligent failure to furnish a Pediatric Endo-Tracheal Tube to be used in the treatment of Richard S. Garcia bring the case within the statutory waiver of immunity arising from some conditions or some use of personal property.

The judgment of the trial court is reversed and the cause remanded for a new trial.