Than SEM and Ly Sem, Appellants,

v.

The STATE of Texas and the Texas State Department of Highways and Public Transportation, Appellees.

No. 2–90–040–CV.

Court of Appeals of Texas, Fort Worth.

Dec. 17, 1991.

Rehearing Overruled Jan. 28, 1992.

412

David W. Holman, Larry P. Boyd, Fisher, Gallagher, Perrin & Lewis, Houston, for appellants.

Bradley C. Poulos, Sandra Liser, Cantey & Hanger, Fort Worth, for appellees.

Before HILL, LATTIMORE and DAY, JJ.

## OPINION

LATTIMORE, Justice.

The issue in this appeal from summary judgment is whether the State may be liable for negligent exercise of control over its independent contractor which proximately caused the death of the contractor's employee. We conclude it may be liable, and reverse and remand for trial.

Tex–Sun Construction Company, Inc. contracted with the Texas State Department of Highways and Public Transportation to pick up trash along the highways. Sem Sam, an employee of the contractor, was killed as he was attempting to post a warning sign along a high-speed freeway. His children sued the driver who hit decedent, as well as the contractor, the State of Texas and the Texas State Department of Highways and Public Transportation. (State defendants will be referred to herein as "the State.") The claims against the driver and contractor were severed, and the trial court entered summary judgment for the State defendants under the doctrine of sovereign immunity.

The Sem children, plaintiffs, alleged that, on or about 7:00 a.m. on September 17, 1985, decedent was required in the course and scope of his employment to go out onto a freeway in Fort Worth to move a warning sign tripod owned by the contractor. He was struck by a vehicle and died as a result of his injuries. Plaintiffs alleged that the State retained and exercised the right to control the details of the work performed at the site, specifically, the right to control the placement of warning devices and safety equipment on the job; the State's inspectors were on the site on a daily basis; and the State was negligent in its exercise of its right of control of the placement of safety devices and equipment. Furthermore, plaintiffs alleged that all defendants negligently used tangible personal property and operated or used a motor-driven vehicle or equipment, a vehicle that did not have the warning devices required

by good safety practices and the contract. Plaintiffs' theory of the case, apparent from the pleadings and summary judgment evidence, is that the motorist would not have hit decedent if the proper warning signs had been in place; the contractor was negligent in failing to have warning signs in advance of where decedent crossed the road; and the State was negligent in exercise of its right of control over use and placement of the signs and other warning devices.

In its motion for summary judgment the State alleged that it was immune from liability under the doctrine of sovereign immunity, because plaintiffs' claims did not fall within the waiver of immunity set forth in TEX.CIV.PRAC. & REM.CODE ANN. § 101.021 (Vernon 1986) which reads as follows:

A governmental unit in the state is liable for:

(1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:

(A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and

(B) the employee would be personally liable to the claimant according to Texas law; and

(2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

*Id.*

The State urged the following grounds for summary judgment: (1) their actions did not involve the use of a motor vehicle or tangible property, because (a) no property or motor vehicle involved belonged to the State and (b) similar State actions have not subjected it to liability; (2) the State owed no duty to decedent because he was the employee of an independent contractor and the State did not retain the right of control of any part of the work being done

by the contractor; and (3) if the contractor was not an independent contractor, decedent was the employee of the State and his family cannot sue under worker's compensation law, no final decision having been issued by the Industrial Accident Board.

Plaintiffs responded that: (1) the State retained and negligently exercised control over placement of warning signs and devices and had an inspector on the site daily, who was empowered to stop the work if the warning signs were not in place and to describe the manner in which warning signs were to be placed; (2) the contract required the use of warning signs to be placed on the highway and all vehicles to have omnidirectional warning lights; (3) the warning signs and vehicle that was supposed to have omnidirectional lights are, respectively, the tangible property and motor vehicle which were used or operated; (4) decedent was struck by a vehicle while placing a warning sign on the highway; and (5) the motorist whose vehicle struck decedent had no warning that people were working in the area because the warning signs were not properly placed and the contractor's vehicle had no omnidirectional warning light.

■ At the outset, the State contends that we should not consider Exhibits D and E, the contract in question and the state inspector's notes, which were attached to plaintiffs' response to the motion for summary judgment. These exhibits were not accompanied by an affidavit or other document which would serve to make them admissible. The State objected in writing to Exhibits D and E on this basis, but obtained no ruling from the trial court. We conclude that, in the absence of a ruling by the trial court holding the exhibits inadmissible, we may properly consider Exhibits D and E as part of the summary judgment evidence. *See Utilities Pipeline Co. v. American Petrofina Marketing*, 760 S.W.2d 719, 722–23 (Tex.App.—Dallas 1988, no writ).

■ In a summary judgment case, the issue on appeal is whether the movant met its burden for summary judgment by establishing that there exists no genuine issue of material fact and that he is entitled to judgment as a matter of law. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979); Tex.R.Civ.P. 166a. The burden of proof is on the movant, and all doubts as to the existence of a genuine issue as to a material fact are resolved against it. *Great American Ry. Ins. Co. v. San Antonio Plumbing Supply Co.*, 391 S.W.2d 41, 47 (Tex.1965). Therefore, we must view the evidence in the light most favorable to the nonmovant. *See id.* In deciding whether there is a material fact issue precluding summary judgment, all conflicts in the evidence will be disregarded and the evidence favorable to the nonmovant will be accepted as true. *Montgomery v. Kennedy*, 669 S.W.2d 309, 311 (Tex. 1984); *Farley v. Prudential Ins. Co.*, 480 S.W.2d 176, 178 (Tex.1972). Every reasonable inference from the evidence must be indulged in favor of the nonmovant and any doubts resolved in his favor. *Montgomery*, 669 S.W.2d at 311. Evidence which favors the movant's position will not be considered unless it is uncontroverted. *Great American*, 391 S.W.2d at 47.

■ The summary judgment will be affirmed only if the record establishes that the movant has conclusively proved all essential elements of its cause of action or defense as a matter of law. *City of Houston*, 589 S.W.2d at 678.

We first address the issue of whether the State, if it were a private person, had a duty to provide for the safety of the independent contractor's employees in the circumstances of this case.

■ Generally, an owner or occupier of land does not have a duty to see that an independent contractor safely performs work. *Redinger v. Living, Inc.*, 689 S.W.2d 415, 418 (Tex.1985). However, when the owner or occupier exercises some control over a contractor's work he may be liable unless he exercises reasonable care in supervising the contractor's activity.

One who entrusts work to an independent contractor, but who retains the control of any part of the work, is subject to liability for physical harm to others for whose safety the employer owes a duty to exercise reasonable care, which is caused by his failure to exercise his control with reasonable care.

*Id.*, quoting from Restatement (Second) of Torts § 414 (1977).

If the State, in the instant case, retained and exercised some control over the manner in which the contractor's work was performed, this rule would apply to it, even though it did not retain the degree of control which would subject it to liability as a master. *See id.* Therefore, it is not necessary, as the State claimed in one of its grounds for summary judgment, that it be the employer of the decedent in order for it to incur liability due to negligent exercise of its right of control.

■ In order for the State to be liable for physical harm to one of the contractor's employees, it must retain more than a general right to order the work to start or stop and to inspect progress or receive reports. *See id.* However, if the State retained at least the power to forbid work being done in a dangerous manner, it may be liable under this rule unless it exercises its supervisory control with reasonable care so as to prevent the work it has ordered from causing injury to others. *See id.*

■ The summary judgment evidence showed that the contract detailed the conditions of the work, particularly the safety conditions, and that a state inspector came to the job site almost daily, checking on safety conditions. In particular, the contract specified: (1) working days and hours; (2) specific instructions about removal of litter bags; (3) all workers must be at least seventeen years old; (4) the exact description of the warning signs to be used; (5) minimum distances in advance of the work site that the warning signs should be placed; (6) where the signs should be placed; and (7) vehicles and equipment must display at least one omni-directional flashing amber warning lamp and be visible from all directions. The summary judgment evidence further showed: (1) a state inspector came to the job site almost daily and told the workers where to put signs, stopped work when the signs were not up, and discussed the placement of signs with the workers; (2) the vehicle in which decedent and his co-workers rode to work, which was left near the roadway, contained no omnidirectional light; (3) the inspector never came at or before the start of the workday when the warning signs were initially being placed; (4) decedent was hit by a vehicle while crossing the freeway to place a warning sign on the median; (5) the only warning sign that was up prior to that time was located where decedent was crossing the freeway; (6) if the warning signs had been up in advance of where the accident occurred, the motorist might have slowed to watch for people on the road; and (7) the motorist did not see decedent until it was too late for him to avoid the accident.

We conclude that the evidence is sufficient to at least raise a fact issue as to whether the State retained sufficient control over the work that it owed a duty, to the contractor's employees, to exercise reasonable care in such control or supervision. *See id.*, and *Parker v. Enserch Corp.*, 776 S.W.2d 638, 642–43 (Tex.App.—Dallas 1989), *rev'd on other grounds*, 794 S.W.2d 2 (Tex.1990).

We next address the State's contention that, as it neither used nor owned the tangible person property or motor vehicle in question, it cannot be liable under section 101.021. Plaintiffs have specified that the tangible personal property and motor vehicle alleged to bring the State under the provisions of this section are, respectively, the warning signs and the pickup truck (which lacked the allegedly required omnidirectional light), so our discussion below will concern these items.

■ This statute is to be liberally construed to achieve its purpose. *See Robinson v. Central Texas MHMR Center*, 780 S.W.2d 169, 170 (Tex.1989). Nothing in

this section requires that the State own the tangible property in question, and we have found no case holding that the State must own the property in order to be subjected to liability under the act.[1] *See, e.g., Driskill v. State*, 779 S.W.2d 945, 949 (Tex. App.—Fort Worth, 1989) (dissenting opinion), *rev'd*, 787 S.W.2d 369 (Tex.1990) (wherein the State was held liable for the State employee's use of a motor vehicle when it struck a pedestrian, although the motor vehicle was owned by the employee); and *Jenkins v. State*, 570 S.W.2d 175, 178 (Tex.Civ.App.—Houston [14th Dist.] 1978, no writ) (wherein the tangible personal property in question was not owned by the State).

We finally address the question of whether the State's alleged negligence in this case subjects it to responsibility through the "use" provisions of section 101.021. The State's employee in this case was the Department of Highways and Public Transportation inspector. There is some proof that he retained control over the warning devices used to protect the contractor's employees on the highway through discussions, work stoppage, and directions relating to placement of the warning signs on the highway. We infer from the summary judgment evidence that the omnidirectional light that was apparently required on the pickup truck was to be used as part of this warning system.

We begin our discussion by looking at section 101.021. In the portion about motor vehicles which is pertinent to our case, the statute reads:

A governmental unit in the state is liable for: … death proximately caused by … the negligence of an employee acting within his scope of employment if: … death arises from the operation or use of a motor-driven vehicle … and the employee would be personally liable to the claimant according to Texas law.

Tex.Civ.Prac. & Rem.Code Ann. § 101.021 (Vernon 1986). In the portion about property pertinent to our case, the statute reads:

A governmental unit in the state is liable for: … death proximately caused by … the negligence of an employee acting within his scope of employment] by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law. *Id.*

■ The striking feature about this statute, when it is broken down into its component parts, is that it neither requires that the State own nor that it directly use the vehicle or property that causes the death. We are not permitted by statutory construction to add additional language to the statute unless it is necessary to give effect to clear legislative intent. *See Hunter v. Fort Worth Capital Corp.*, 620 S.W.2d 547, 552 (Tex.1981).

In *Robinson*, 780 S.W.2d at 171, the Texas Supreme Court concluded that the MHMR Center was liable for the death of a patient, because its "employees were *responsible* for seeing that those for whom they cared were dressed in proper swimming attire." [Emphasis added.] Nothing in the opinion suggests either that the deceased patient's bathing suit was owned by the State or that the employees actually dressed him. They were merely *responsible* to see that he was properly dressed for swimming. In other words, the employees were responsible for the proper use of the tangible personal property, the bathing attire. *Id. See* 13 W. Dorsaneo, Texas Litigation Guide § 293.02[4][e] (Supp. March 1991). *See also, Smith v. University of Texas*, 664 S.W.2d 180, 190 (Tex. App.—Austin 1984, writ ref'd n.r.e.), in which the State was held liable for negligent supervision over the use of tangible personal property, its shot put.

■ We conclude that the State may be liable in circumstances in which it has assumed responsibility for proper use of tangible personal property, and negligent exercise of this responsibility by its employee results in death. We likewise con-

---

1. In *Salcedo v. El Paso Hosp. Dist.*, 659 S.W.2d 30, 31 (Tex.1983), the reference to vehicles is pure dicta, because the basis of liability was solely the use of tangible personal property.

clude that, since use of the omnidirectional light on the contractor's truck was an integral part of the warning system designed to protect the workers, a fact issue has been raised that the State likewise assumed responsibility over seeing that the light was in place and functioning. *See Robinson,* 780 S.W.2d at 171, and *Hitchcock v. Garvin,* 738 S.W.2d 34, 36–38 (Tex.App.—Dallas 1987, no writ) (negligent failure to use or operate the warning lights on a vehicle may subject the State to liability under the negligent operation and use of a motor vehicle clause of section 101.021). In arriving at the above conclusions, we have considered the cases cited in the State's brief. The following discussion demonstrates why none is applicable to the instant case.

*Hein v. Harris County,* 557 S.W.2d 366 (Tex.Civ.App.—Houston [1st Dist.] 1977, writ ref'd n.r.e.) is cited for the proposition that providing a pistol to an employee is an act too far removed from the employee's subsequent negligent discharge of the pistol. The State's brief informs us that "the only employees acting within the course and scope of their employment were those employees who provided the pistol initially but ... this act did not create a waiver because it was too far removed from the cause of the injuries." In our reading of *Hein,* we have been unable to find any allegation that Harris County provided the gun to the employee. The injured party alleged that Harris County was negligent in not providing proper attire to the employee, in failing to supervise him, and in failing to adequately instruct him in dealing with snakes. The appeals court concluded that these failures could not have proximately caused the shooting. *Id.*

In the case at bar, the pleadings and proof are sufficient to raise a fact issue as to whether the inspector's negligence proximately caused the death of plaintiff's decedent, as discussed above regarding the doctrine of retaining control over the work of an independent contractor.

The State cites *Weeks v. Harris County Hosp. Dist.,* 785 S.W.2d 169 (Tex.App.—Houston [14th Dist.] 1990, writ denied) for the proposition that the property which inflicts the injury must be owned or controlled by the State. After being taken to the county hospital, the decedent in *Weeks* took a taxi home and shot herself to death. Although she had been taken to the hospital under a warrant for inpatient mental health observation and examination, the county hospital never registered her at that facility, and did not restrain or confine her. She was merely sitting and waiting to be transported to another facility when she voluntarily left. Plaintiffs claimed that failure to use restraints on the decedent constituted a "use" of tangible personal property. The *Weeks* court specifically mentioned its prior holding in *Jenkins,* 570 S.W.2d at 178, that "nonuse" of tangible personal property may subject the State to liability, but based its holding on (1) the fact that the decedent was never admitted to the hospital and the hospital assumed no duty to care for her, and (2) a private hospital would not be liable for the same actions. In the case at bar, both the duty of care had been assumed and a private individual would be liable under the same circumstances. *Weeks,* 785 S.W.2d at 171–72.

In *Mount Pleasant Indep. School Dist. v. Estate of Lindburg,* 766 S.W.2d 208 (Tex.1989), the jury simply found the school bus driver was not negligent. In *Hopkins v. Spring Indep. School Dist.,* 736 S.W.2d 617 (Tex.1987), operation or use of the school bus did not proximately cause the injuries.

*Heyer v. North East Indep. School Dist.,* 730 S.W.2d 130 (Tex.App.—San Antonio 1987, writ ref'd n.r.e.) is more similar to the case at bar, but readily distinguishable. In *Heyer,* the injured student was waiting to board a school bus at the designated area on her high school campus. She was struck by a vehicle driven by a fellow student and sustained injuries. She alleged negligence in control and supervision of the parking lot, students and traffic, but never alleged any use or supervision of tangible personal property. The closest she came to a claim involving lack of supervision of a motor vehicle involved lack of supervision of the vehicle which hit her. There is no

showing that the school had any control over or had ever exercised any control over operation of that vehicle. *Id.*

In the case at bar, there is a showing that the State exercised a degree of control over the warning system involved in the contractor's work. The pickup truck without omnidirectional lights was a part of that warning system; therefore, the evidence infers that the State exercised control over that vehicle. For this reason, we conclude that the holding in *Heyer* is inapplicable to the case at bar.

Because we conclude that a fact issue exists regarding waiver of sovereign immunity, we sustain appellant's point of error alleging the trial court erred in granting summary judgment. We reverse the judgment and remand the cause for trial.