COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| CITY OF CIBOLO, | § | No. 08-23-00291-CV |
| Appellant, | § | Appeal from the |
| v. | § | 456th Judicial District Court |
| DEBORAH LEGROS, | § | of Guadalupe County, Texas |
| Appellee. | § | (TC# 23-0697-CV-E) |

## MEMORANDUM OPINION[1]

This case involves a property owner who is aggrieved by a city's alleged unlawful replatting of a subdivision and failure to enforce land-use restrictions. Appellee Deborah LeGros sued the City of Cibolo for declaratory relief alleging that the City unlawfully removed covenants and restrictions when it replatted a subdivision that encompassed her neighbor's land. According to LeGros, the replatting allows her neighbors to maintain their property contrary to the original covenants and restrictions for the area. The only dispute before us is whether the City retains its governmental immunity. LeGros claims the City's immunity is waived under § 101.0125(a) of the Texas Torts Claims Act (TTCA) and § 37.004 of the Uniform Declaratory Judgment Act (UDJA).

---

[1] The appeal was transferred to this Court from the Fourth Court of Appeals pursuant to a Texas Supreme Court docket equalization order. Accordingly, we apply the Fourth Court of Appeals' precedent to the extent it conflicts with our own. *See* Tex. R. App. P. 41.3.

The trial court sided with LeGros by denying the City's plea to the jurisdiction. Because we agree with the City that immunity is not waived based on the pleadings, we reverse the order of the trial court and render judgment in favor of the City.

## FACTUAL AND PROCEDURAL BACKGROUND

Deborah LeGros owns property in the City of Cibolo in Guadalupe County, Texas. According to her First Amended Petition, the City altered the plat of a subdivision bordering LeGros's property. When it did so, LeGros claims the City removed covenants and restrictions that were designed "to promote the health, safety, morals, or general welfare of the City of Cibolo, and the safe, orderly, and healthful development of the City of Cibolo, in conformance with Texas law." LeGros alleges that the City's new plat violates the Local Government Code because it removes existing covenants or restrictions. *See* Tex. Local Gov't Code Ann. § 212.014.[2] Consequently, LeGros alleges her neighbors are now allowed to have waste sit on their premises, have no potable water, have no fire sprinkler system, and have no access road for emergency services. Additionally, her neighbors were granted a conditional use permit for a manufactured home to be used as their primary residence, contrary to the property's zoning limitations.

LeGros sued the City requesting two declarations: (1) the City violated § 212.014 of the Local Government Code; and (2) the original plat be restored and the amended plat be nullified. In her petition, LeGros alleged that the trial court had subject matter jurisdiction of this suit

---

[2] That section provides:

> A replat of a subdivision or part of a subdivision may be recorded and is controlling over the preceding plat without vacation of that plat if the replat:
>> (1) is signed and acknowledged by only the owners of the property being replatted;
>> (2) is approved by the municipal authority responsible for approving plats; and
>> (3) does not attempt to amend or remove any covenants or restrictions.

Tex. Gov't Code Ann. § 212.014.

2

pursuant to § 101.0125(a) of the TTCA, which she claims waives immunity of a municipality for suits involving the municipality's zoning, planning, and plat approval, and for its enforcement of land-use restrictions under Subchapter E, Chapter 212 of the Local Government Code. Further, LeGros alleged that under the UDJA, immunity is waived for suits where the claimant challenges the constitutionality of a statute or ordinance, or seeks a declaration of their rights and obligations with respect thereto. Accordingly, LeGros requested that the trial court construe the provision of the Local Government Code to ascertain the parties' rights and obligations regarding the replatting issue, effectively waiving immunity.

The City filed a plea to the jurisdiction, asserting its immunity against LeGros's claims. The City's brief in support of the plea argues: (1) the provision of the TTCA that LeGros invokes is not an independent waiver of immunity for the claims at issue here, and no other provision of the TTCA waives the City's immunity based on the facts alleged; and (2) the UDJA's limited waiver applies to suits challenging the validity of the statute, not a city's actions pursuant thereto.

The trial court denied the City's plea to the jurisdiction, prompting this interlocutory appeal. On appeal, the City argues four points of error that can be distilled into three arguments: the trial court erred in denying the City's plea to the jurisdiction because (1) § 101.0215(a) of the TTCA does not operate as an independent waiver of a municipality's immunity for the governmental functions listed in that section; (2) there are no other clear and unambiguous statutory provisions that waive immunity under the facts alleged in this case; and (3) there is no waiver for LeGros's request for declaratory relief under the UDJA. We agree with all the City's arguments and reverse the trial court's order denying the plea to the jurisdiction.

## STANDARD OF REVIEW

Sovereign immunity from suit defeats a trial court's subject matter jurisdiction unless the

3

state expressly consents to suit. *Texas Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999). Like sovereign immunity, governmental immunity operates to afford similar protection to cities and other subdivisions of the State. *Harris Cnty. v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004).

A plea to the jurisdiction is a dilatory plea that seeks dismissal of a case for lack of subject matter jurisdiction. *Id.* (citing *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000)). Whether a court has subject matter jurisdiction is a question of law. *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). The determination of whether a trial court has subject matter jurisdiction begins with the pleadings. *Id.* The plaintiff's pleadings must "allege facts that affirmatively demonstrate the court's jurisdiction to hear the cause." *Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993). Whether a party has met its initial pleading burden is a question of law reviewed de novo. *Turner v. Robinson*, 534 S.W.3d 115, 122 (Tex. App.—Houston [14th Dist.] 2017, pet. denied) (citing *Miranda*, 133 S.W.3d at 226).

In ruling on a trial court's denial of a plea to the jurisdiction based on the pleadings, we construe the pleadings liberally in favor of the plaintiff and look to the pleader's intent. *Miranda*, 133 S.W.3d at 226. If the pleadings do not contain sufficient facts to affirmatively demonstrate the trial court's jurisdiction but do not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency and the plaintiff should be afforded the opportunity to amend. *Id.* at 226–27. If the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiff an opportunity to amend. *Id.* at 227.

## ANALYSIS

LeGros's Amended Petition invokes the TTCA and the UDJA as two separate bases for demonstrating waiver of immunity and the trial court's subject matter jurisdiction over her suit. The City's plea attacks jurisdiction under the TTCA because § 101.0215(a) is not an independent

waiver of immunity, and no other provision of the TTCA waives the City's immunity from suit based on the facts alleged. Further, the City argued that the UDJA does not waive immunity where, as here, the suit challenges the actions of a city pursuant to a statute and not the validity or constitutionality of the statute itself. We first address whether the City's immunity was waived under the TTCA.

## A. TTCA waiver

In her petition, LeGros alleges that the City's immunity is expressly waived under § 101.0215(a) of the Texas Torts Claims Act, which states:

> (a) A municipality is liable under this chapter for damages arising from its governmental functions, which are those functions that are enjoined on a municipality by law and are given it by the state as part of the state's sovereignty, to be exercised by the municipality in the interest of the general public, including but not limited to:
>
> .      .      .
>
> (29)   zoning, planning, and plat approval; and
>
> .      .      .
>
> (36)   enforcement of land use restrictions under Subchapter E, Chapter 212, Local Government Code.

Tex. Civ. Prac. & Rem. Code Ann. § 101.0215(a). According to LeGros, a plain reading of this statute evinces a clear and unambiguous waiver of immunity for suits that seek to challenge a city's platting decisions and failure to enforce the land-use restrictions of Chapter 212 of the Local Government Code.

We agree with the City, however, that this section merely distinguishes between governmental and proprietary functions, and that is only one of the hurdles that a plaintiff must clear to show a waiver of immunity under the TTCA. Municipalities assume two roles in the exercise of their broad powers—proprietary and governmental functions. *Wasson Interests, Ltd. v. City of Jacksonville*, 559 S.W.3d 142, 145 (Tex. 2018). Generally, a municipality is not immune

5

from suit for torts committed in the performance of its proprietary functions, while it retains immunity for torts committed in the performance of its governmental functions. *Id.* at 146. Section 101.0215 provides guidance for what functions are proprietary and what are governmental. *Compare* Tex. Civ. Prac. & Rem. Code Ann. § 101.0215(a) (listing governmental functions) *with id.* § 101.0215(b) (listing proprietary functions). But finding a function listed in § 101.0215(b) does not operate as an independent waiver of immunity; it instead only identifies which functions fall "under the umbrella of the [TTCA]." *City of San Antonio v. Winkenhower*, 875 S.W.2d 388, 391 (Tex. App.—San Antonio 1994, writ denied).

Instead, to determine if immunity is waived for each function, one must look further into the TTCA. *Texas Bay Cherry Hill, L.P. v. City of Fort Worth*, 257 S.W.3d 379, 389 (Tex. App.—Fort Worth 2008, no pet.) ("Determining a municipality's immunity from suit is a two-step inquiry. First we determine whether the function is governmental or proprietary. If it is governmental, the second step is to determine whether immunity is waived under the Texas Tort Claims Act.") (omitting citations); s*ee also San Antonio Water Sys. v. Overby*, 429 S.W.3d 716, 721–22 (Tex. App.—San Antonio 2014, no pet.) (citing *Bellnoa v. City of Austin*, 894 S.W.2d 821, 826 (Tex. App.—Austin 1995, no writ) (construing § 101.0215 in conjunction with § 101.021 to determine whether immunity is waived with respect to a listed function under the conditions described in § 101.021). Many courts have recognized that the TTCA provides a waiver of only three categories of suits: (1) the use of publicly owned automobiles; (2) premise defects; and (3) injuries arising out of conditions or use of property. *Miranda*, 133 S.W.3d at 225; *accord Rodriguez v. Holmes*, 556 S.W.2d 125, 126 (Tex. App.—San Antonio 1977, no writ); Tex. Civ. Prac. & Rem. Code Ann. § 101.021. None of the allegations in LeGros's petition support these theories of recovery, nor does LeGros contend either category applies. Consequently, LeGros has

6

failed to allege facts that demonstrate the trial court's jurisdiction in this case under the TTCA. We next turn to whether LeGros sufficiently alleged a waiver of immunity under the UDJA.

### B. UDJA waiver

LeGros's petition also asserts that the trial court has jurisdiction under Chapter 37 of the UDJA. Under § 37.004, the UDJA permits a person "whose rights, status, or other legal relations are affected by a statute [or] municipal ordinance . . . [to] have determined any question of construction or validity arising under the . . . statute [or] ordinance . . . [and to] obtain a declaration of rights, status, or other legal relations thereunder." Tex. Civ. Prac. & Rem. Code Ann. § 37.004. LeGros construes this as waiving immunity in suits where a declaratory judgment is sought regarding the construction or validity of a statute or ordinance. Here, LeGros's petition requests that the court *construe* the rights and obligations of both parties under Chapter 212 of the Local Government Code and (1) declare that the City violated § 212.014 of the Local Government Code, (2) order that the covenants and restrictions be restored, and (3) order that the amended plat be nullified. The question before this Court—one that caselaw provides a clear answer for—is whether immunity extends to that kind of claim under the UDJA.

The UDJA may waive immunity for certain claims, but it "is not a general waiver of sovereign immunity." *Texas Parks & Wildlife Dep't. v. Sawyer Tr.*, 354 S.W.3d 384, 388–89 (Tex. 2011). Instead, it is a "procedural device for deciding cases already within a court's jurisdiction." *Texas Dep't of Transp. v. Sefzik*, 355 S.W.3d 618, 621–22 (Tex. 2011) (per curiam). "Consequently, sovereign immunity will bar an otherwise proper [U]DJA claim that has the effect of establishing a right to relief against the State for which the Legislature has not waived sovereign immunity." *City of El Paso v. Pickett*, 662 S.W.3d 592, 597 (Tex. App.—El Paso 2022, no pet.). For example, the UDJA does not waive immunity for claims seeking a declaration of the claimant's

statutory rights. *Texas Dep't of Ins., Div. of Workers' Comp. v. Brumfield*, No. 04-15-00473-CV, 2016 WL 2936380, at *4 (Tex. App.—San Antonio May 18, 2016, no pet.) (citing *City of McKinney v. Hank's Restaurant Group, L.P.*, 412 S.W.3d 102, 112 (Tex. App.—Dallas 2013, no pet.)). But it does provide a narrow waiver for suits challenging the validity of a statute. *Id.* ("[T]he state may be a proper party to a declaratory judgment action that challenges the validity of a statute.") (citing *Sefzik*, 355 S.W.3d at 622)).

LeGros is not challenging the validity or constitutionality of § 212.014 of the Local Government Code. Instead, she asserts that the City acted wrongfully in violating a provision of the Local Government Code, and consequently, she requests equitable relief in the form of restoration of the original plat and its concomitant covenants. As stated above, the UDJA does not waive immunity for this kind of claim. *See Sefzik*, 355 S.W.3d at 622 (holding that because plaintiff was not challenging the validity of the statute but the actions of TxDOT under it, immunity was not waived).

In her petition, LeGros cites *Federal Sign v. Texas Southern University* for the proposition that "a party can maintain a suit against the state to determine rights [under the law] without legislative permission." 951 S.W.2d 401, 404 (Tex. 1997). But as the City correctly points out, this rule applies when state officials act without legal authorization. *See City of El Paso v. Heinrich*, 284 S.W.3d 366, 370 (Tex. 2009) (citing *Fed. Sign,* 951 S.W.2d at 404). In that scenario, the acts of the official are not considered acts of the state, and the suit is not one against the state for which immunity applies. *Id.* As such, a claimant does not need legislative permission to maintain a suit against state officials to determine their rights. *Id.* By contrast, LeGros has sued the City, not a city official, for its violation of the Local Government Code. *See Brumfield*, 2016 WL 2936380, at *4 ("[T]o fall within the ultra vires exception, a suit must allege that *a state official*

8

acted without legal authority or failed to perform a purely ministerial act . . . ." (emphasis added));
*see also Heinrich*, 284 S.W.3d at 373 (discussing other limitations on ultra vires claims).[3]

Additionally, in her brief, LeGros cites to this Court's decision in *City of El Paso v. Pickett*, where we held that the city's immunity was waived for a suit invoking the UDJA in a plaintiff's challenge to an ordinance that authorized the city of El Paso to assess a tax to compensate for the wear-and-tear on the city's streets caused by the city's utility vehicles. 662 S.W.3d at 596–97, 601. *Pickett*, however, is distinguishable. There, the plaintiff expressly sought a declaration as to the ordinance's validity. *Id.* at 601. Here, LeGros is not challenging the validity of § 212.014 of the Local Government Code. Instead, she is challenging the City's actions pursuant to that section. *See Heinrich*, 284 S.W.3d at 373 n.6 (stating that while the UDJA waives immunity for suits challenging the constitutionality of a statute or ordinance, plaintiff was not challenging the validity of the bylaws or the governing statute, but rather petitioners' actions under them).

Finally, and in not so many words, LeGros concedes the City's point in her brief: she argues that "[t]he Legislature has not created a mechanism for third parties to seek judicial review of a municipality's platting approval." *See Schroeder v. Escalera Ranch Owners' Ass'n, Inc.*, 646 S.W.3d 329, 336 (Tex. 2022) (stating same). But therein lies the problem: A waiver of governmental immunity requires the Legislature's clear and unambiguous mandate to that effect. *Brumfield*, 2016 WL 2936380, at *2. The absence of a "mechanism" for seeking judicial review is evidence in and of itself that the Legislature has not waived immunity for LeGros's claims. LeGros also requests this Court "advise or issue guidelines as to how a property owner can overcome a City's sovereign immunity claim" in this context. While case law might already set

---

[3] Although in her Brief in Opposition to the Defendant's Plea to the Jurisdiction in the lower court, LeGros requested, as alternative relief, the opportunity to amend her pleadings to cure pleading deficiencies as they may relate to the jurisdiction issue, but she does not renew this request in her appellate brief.

out general answers to that question, *see Tabrizi v. City of Austin*, 551 S.W.3d 290, 294 (Tex. App.—El Paso 2018, no pet.), we are not at liberty to issue advisory opinions to the parties in this litigation. *See Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 444 (Tex. 1993).

## CONCLUSION

We hold that the City's immunity was not waived under the TTCA or the UDJA; thus, the trial court lacked subject matter jurisdiction over this suit. We therefore reverse the order of the trial court and render judgment dismissing LeGros' claims against the City of Cibola for lack of jurisdiction.

JEFF ALLEY, Chief Justice

June 14, 2024

Before Alley, C.J., Palafox and Soto, JJ.