## OVERTON MEMORIAL HOSPITAL et al., Petitioners,

v.

## Lonnie C. McGUIRE, Respondent.

### No. B–4936.

Supreme Court of Texas.

Jan. 29, 1975.

Rehearing Denied Feb. 26, 1975.

Kenley, Boyland, Hawthorn, Starr & Coghlan, Herbert Boyland, Longview, Gordon Wellborn & Rex Houston, Blake Bailey, Henderson, for petitioners.

McGuire, Levy & Collins, John E. Collins, Irving, for respondent.

## PER CURIAM.

Lonnie C. McGuire brought suit against Overton Memorial Hospital, which is owned and operated by the City of Overton, to recover for injuries allegedly suffered in a fall from his bed while receiving post-operative care at the Hospital. McGuire alleged that the Hospital was negligent in providing him a bed not equipped with side rails and in several other respects. The Hospital filed a Motion for Summary Judgment on the ground, *inter alia,* that it was entitled to governmental immunity. McGuire answered that such immunity had been waived by the Texas Tort Claims Act, Vernon's Tex.Rev.Civ.Stat. Ann. art. 6252–19. The trial court granted the Hospital's motion and rendered summary judgment that McGuire take nothing.

The court of civil appeals noted that the record failed to make clear whether the Hospital had a duty to install bed rails absent a doctor's orders and concluded, "Because of the doubt existing as to any duty on the part of the hospital to install bed rails under the prevailing circumstances, we are unable to determine the applicability, if any, of the Tort Claims Act." The judgment was reversed and the cause remanded for further development. 514 S. W.2d 79.

We agree that the Hospital was not entitled to summary judgment but do not agree that the question of the applicability of the Tort Claims Act is not ripe for decision. While the record in this case is indeed sketchy, for the purposes of this inquiry we must assume that the Hospital had a duty to install bed rails and was negligent in not doing so. The question becomes whether the Hospital can assert governmental immunity to escape liability for its negligence or whether such immunity was waived by the Tort Claims Act. This question was expressly held open by this court in Ritch v. Tarrant County Hospital District, 480 S.W.2d 622 (1972).

Section 3 of the Tort Claims Act outlines the scope of the Act and provides, in pertinent part, "Each unit of government shall be liable for . . . death or personal injuries [proximately] caused from some condition or some use of tangible property, real or personal, under circumstances where such unit of government, if a private person, would be liable. . . . " Section 13 of the Act provides, "The provisions of this Act shall be liberally construed to achieve the purposes hereof." We believe that injuries proximately caused by negligently providing a bed without bed rails are proximately caused from some condition or some use of tangible property under circumstances where a private person would be liable. Therefore, if the Hospital is found negligent in providing a bed without guard rails, it may not assert governmental immunity to avoid liability under $100,000 for injuries proximately caused by such negligence. Tex.Rev.Civ.Stat.Ann. art. 6252-19, §§ 3 and 4.

The court of civil appeals correctly reversed the summary judgment and remanded the cause to the trial court. Accordingly, writ of error is refused, no reversible error. Tex.R.Civ.P. 483.