Tomas VELASQUEZ et al., Appellants,

v.

Robert JAMAR, M. D., et al., Appellees.

No. 1196.

Court of Civil Appeals of Texas, Tyler.

July 12, 1979.

Gerald J. Goodwin, Houston, for appellants.

Knox D. Nunnally, Vinson & Elkins, Houston, for appellees Jamar & Weiner.

Roger A. Rider, Pearson Grimes, Butler, Binion, Rice, Cook & Knapp, Houston, for appellee Angelton-Danbury General Hospital.

SUMMERS, Chief Justice.

This is a negligence suit in which recovery is sought for personal injuries allegedly sustained by Mary Velasquez at the time of her birth. The suit was brought by her parents, Tomas and Andrea Velasquez, individually and as next friends of Mary Velasquez, against Robert Jamar, M.D., Benjamin Weiner, M.D., Medical Center Clinic of Angleton, and Angleton-Danbury General Hospital.

Between her seventh and eighth month of pregnancy, Mrs. Velasquez visited the Medical Center Clinic of Angleton and became a patient of Dr. Jamar. Over the course of several visits it was determined that the baby was in a breech position, meaning the baby would be born feet first rather than head first. In the early morning of August 31, 1971, Mrs. Velasquez began to experience labor pains and was taken to Angleton-Danbury General Hospital by her husband. After admission into the hospital at approximately 5:00 a.m., she was taken to the labor room. Mrs. Velasquez's labor progressed rapidly, and she was taken to the delivery room where she was placed under full anesthetic. Dr. Weiner, a partner of Dr. Jamar in the Medical Center Clinic of Angleton, delivered the baby, Mary Velasquez, by full extraction. Upon subsequent examination, it was observed that Mary Velasquez had a fractured right leg.

It is this injury to Mary Velasquez's right leg which is the subject of the instant lawsuit. Prior to trial, defendant Angleton-Danbury General Hospital filed special exceptions to Plaintiffs' First Amended Original Petition asserting that plaintiffs had failed to state a cause of action that would bring them within the waiver of governmental immunity under the Texas Tort Claims Act. On August 31, 1977, the trial court sustained defendant Angleton-Danbury General Hospital's special exceptions and ordered plaintiffs to amend their petition, sufficient to state a cause of action within the Texas Tort Claims Act, by September 6, 1977. On September 6, 1977, Plaintiffs' Second Amended Original Peti-

tion was filed, but the trial court held it to be insufficient and dismissed defendant Angleton-Danbury General Hospital from the suit. The plaintiffs continued to prosecute their claim against defendants Dr. Robert Jamar, Dr. Benjamin Weiner, and Medical Center Clinic of Angleton, and the case proceeded to trial in this posture.

In response to the special issues submitted, the jury refused to find that either Dr. Jamar or Dr. Weiner was negligent in the management of Andrea Velasquez's pregnancy or the delivery of Mary Velasquez. (Special Issues Nos. 1 and 3) In addition, the jury found no damages as a result of the injury to Mary Velasquez's right leg. (Special Issue Nos. 5 and 6) In accordance with the jury's verdict, the trial court rendered judgment that plaintiffs take nothing.

From this adverse judgment, appellants, plaintiffs below, have perfected this appeal predicated upon six points of error. Appellants' points of error raise two principal contentions: (1) that the trial court erred in finding that appellants failed to state a cause of action within the waiver of governmental immunity created by the Texas Tort Claims Act and (2) that the trial court erred in instructing the jury not to include any amount for congenital pseudarthrosis in regards to Special Issues Nos. 5 and 6, the damage issues.

We shall first address the point of error dealing with the dismissal of defendant Angleton-Danbury General Hospital on grounds of governmental immunity. Resolution of this point of error requires construction of the allegations in Plaintiffs' Second Amended Original Petition. In paragraph VI, appellants alleged that:

"Mary E. Velasquez's injuries were a direct result of and proximately caused by the negligence of the Defendant, Angleton-Danbury General Hospital, in the following particulars, to-wit:

(1) Giving the Plaintiff full anesthetic (gas) and thereby a eliminating medically required explusive efforts;

(2) Giving the Plaintiff a full anesthetic before the arrival of the doctor;

(3) Failure to monitor fetal heart tones;

(4) Carelessly and negligently setting and placing wrapping on the Plaintiff's broken leg;

(5) Failure to make necessary preparations for a Caesarian [sic] Section including having equipment and a surgeon on standby."

In addition, paragraph VIII of Plaintiffs' Second Amended Original Petition sought to invoke the doctrine of res ipsa loquitur.

The Texas Tort Claims Act, Article 6252–19, Tex.Rev.Civ.Stat.Ann. (1970), provides for a waiver of governmental immunity in three general areas: use of publicly owned automobiles, premises defects, and injuries arising out of conditions or use of property. *Lowe v. Texas Tech University,* 540 S.W.2d 297, 298 (Tex.1976). Appellants seek to come within the waiver of immunity contained in Sec. 3 of the Texas Tort Claims Act, supra, which provides:

"Each unit of government in the state shall be liable for money damages for property damage or personal injuries or death when proximately caused by the negligence or wrongful act or omission of any officer or employee acting within the scope of his employment, or office arising from the operation or use of a motor-driven vehicle and motor-driven equipment, other than motor-driven equipment used in connection with the operation of floodgates or water release equipment by river authorities created under the laws of this state, under circumstances where such officer or employee would be personally liable to the claimant in accordance with the law of this state, or death or personal injuries so caused from some condition or some use of tangible property, real or personal, under circumstances where such unit of government, if a private person, would be liable to the claimant in accordance with the law of this state. Such liability is subject to the exceptions contained herein, and it shall not extend to punitive or exemplary dam-

ages. Liability hereunder shall be limited to $100,000 per person and $300,000 for any single occurrence for bodily injury or death and to $10,000 for any single occurrence for injury to or destruction of property."

Appellants rely on *Lowe v. Texas Tech University,* supra; *Overton Memorial Hospital v. McGuire,* 518 S.W.2d 528 (Tex.1975); and *Mokry v. University of Texas Health Science Center at Dallas,* 529 S.W.2d 802 (Tex.Civ.App.—Dallas 1975, ref'd n.r.e.). In each of these cases, the allegations were held sufficient to state a cause of action within the waiver of the Texas Tort Claims Act, supra. However, the allegations in those cases are distinguishable from those in the instant case.

"In *Mokry, McGuire* and *Lowe,* the injuries are alleged to have proximately resulted from the negligent use of property in some respect deficient or inappropriate for the purpose for which it was used—in *McGuire,* the hospital bed without rails; in *Mokry,* the laboratory sink without a strainer; and in *Lowe,* the football uniform without tape or knee brace." *Brantley v. City of Dallas,* 545 S.W.2d 284, 286 (Tex.Civ.App.—Amarillo 1976, ref'd n.r.e.).

■ In the instant case, we find no allegations of any tangible property being either deficient or inappropriate for the purpose for which it was used. Appellants take the position that a cause of action exists whenever a government employee and a piece of tangible property are combined. Chief Justice Greenhill expressly rejected such a premise in *Lowe* by giving the following example:

"A hypothetical example will point up the problem: assume that in a State-operated hospital, one of its doctors negligently removed the wrong kidney. In so doing, he uses tangible personal property,—a scalpel. There is no defect in the scalpel, but there is injury in the use of tangible personal property. The Legislature could provide a waiver for the negligent conduct of the doctor, but it has not. Did it intend a waiver based on the condition or use of tangible personal property,—the scalpel? I do not think so." (540 S.W.2d 303)

The allegations of negligent conduct alone are insufficient to state a cause of action within the waiver of governmental immunity created by Sec. 3 of the Texas Tort Claims Act, supra.

Appellants' first point of error is hereby overruled.

■ Appellants' points of error nos. 2 through 6 contend that the trial court erred in instructing the jury not to include any amount for congenital pseudarthrosis in regards to Special Issues Nos. 5 and 6. Appellants contend that such an instruction was error because (1) it assumes that Mary Velasquez did have congenital pseudarthrosis, (2) it constitutes a comment on the weight of the evidence, (3) it was unnecessary and prejudicial to appellants, (4) it failed to instruct the jury that it must be the sole proximate cause of Mary Velasquez's disability before it could be a bar to recovery, and (5) it was prejudicial as a matter of law for the reason that appellant Mary Velasquez was in fact entitled to recover if the negligence of appellees aggravated or prolonged a condition known as congenital pseudarthrosis. Appellees contend that even if there were an error in the submission of the damage issues, the error must be harmless because the jury absolved appellees of any negligence. We agree.

In response to Special Issues Nos. 1 and 3, the jury refused to find that Dr. Jamar was negligent in his management of Mrs. Velasquez's pregnancy or that Dr. Weiner was negligent in his delivery of Mary Velasquez. Appellants direct no attack toward these jury findings. Therefore, the trial court's error, if any, in submitting the instruction in question regarding damages is harmless. Rule 434, T.R.C.P. The damage issue became immaterial when the jury refused to find either defendant guilty of negligence. *Southern Pine Lumber Co. v. Andrade,* 132 Tex. 372, 124 S.W.2d 334, 335 (1939, opinion adopted); *Burns v. Bridge Engineering Corp.,* 465 S.W.2d 427, 434 (Tex.Civ.App.— Houston [14th Dist.] 1971, ref'd n.r.e.);

*O'Day v. Sakowitz Bros.,* 462 S.W.2d 119, 124 (Tex.Civ.App.—Houston [1st Dist.] 1970, ref'd n.r.e.).

Appellants' points of error nos. 2 through 6 are therefore overruled.

We have considered all of appellants' points of error and consider the same to be without merit.

Judgment of the trial court is affirmed.