In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-01-00166-CV


______________________________




WASTE MANAGEMENT INDUSTRIAL SERVICES, INC., Appellant



V.



DEGGENDORFER WERFT AND


EISENBAU GESELLSCHAFT mbH, Appellee




 


On Appeal from the 269th Judicial District Court


Harris County, Texas


Trial Court No. 1999-25373




 




Before Cornelius, C.J., Grant and Ross, JJ.


Opinion by Justice Ross



O P I N I O N



 Waste Management Industrial Services, Inc. has filed a motion asking this Court to
dismiss its cross-appeal brought in cause number 06-01-00100-CV against a codefendant
in the action below, Deggendorfer Werft and Eisenbau Gesellschaft mbH. In order to
provide the relief sought, we order the cross-appeal severed from the main body of this
case and we assign it cause number 06-01-00166-CV. 

 The motion is granted. The cross-appeal is dismissed.


 Donald R. Ross

 Justice


Date Submitted: December 11, 2001

Date Decided: December 11, 2001


Do Not Publish



 he was incarcerated in the Estelle High
Security Unit of the Texas Department of Criminal Justice. Mullins alleged that during this time he
was denied catheters, lubricants, povidone, tape, external condom catheters, a leg bag, bed-bag, vinyl
connector, a tubing connector, adult incontinence pads, skin shields, biohazard and waste
contamination bags, an egg-crate mattress, and a T.E.O. hose for his swollen feet. Mullins alleged
this action resulted in his complete loss of bladder control, and contraction of a urinary tract infection
and Hepatitis. Further, he alleged that he "lived and slept in a foul-smelling urine" environment and
that, to relieve his bladder pressure, he was forced to use a pen casing that he inserted into his
urethra, resulting in a one-and-one-half inch tear in his penis. Mullins alleged he developed
blackened sores circumferencing the length of his penis. Mullins had filed Level I and Level II
grievances prior to the suit and received a written response concerning his Level II grievance. On
October 7, 2002, the Office of the Attorney General filed an "Amicus Curiae's Advisory on Chapter
14" with the court. On October 22, 2002, the trial court deemed the suit frivolous and dismissed it
with prejudice. 

 Mullins argues the trial court erred in finding his suit frivolous and dismissing it under
Chapter 14. In addition, he contends his petition raises disputed issues of material fact that require
a hearing before being decided. 

 A trial court may dismiss a suit filed by an indigent inmate either before or after service of
process if the court finds the claim is frivolous. Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a)(2)
(Vernon 2002). Section 14.003(b) provides the following:

 [I]n determining whether a claim is frivolous or malicious, the court may
consider whether:

 (1) the claim's realistic chance of ultimate success is slight;

 (2) the claim has no arguable basis in law or in fact;

 (3) it is clear that the party cannot prove facts in support of the claim; or

 (4) the claim is substantially similar to a previous claim filed by the inmate 

 because the claim arises from the same operative facts.


Tex. Civ. Prac. & Rem. Code Ann. § 14.003(b) (Vernon 2002). (1) 

 The standard for review of a Chapter 14 dismissal is whether the trial court abused its
discretion. Hickson v. Moya, 926 S.W.2d 397, 399 (Tex. App.-Waco 1996, no writ). Abuse of
discretion is determined by whether the trial court acted without reference to any guiding principles. 
Thomas v. Wichita Gen. Hosp., 952 S.W.2d 936, 939 (Tex. App.-Fort Worth 1997, pet. denied). 
The question of subject matter jurisdiction is a legal question which appellate courts should review
de novo. City of Midland v. Sullivan, 33 S.W.3d 1, 6 (Tex. App.-El Paso 2000, pet. dism'd w.o.j.). 
We examine the pleadings, taking as true the facts pled, and determine whether those allegations of
fact support jurisdiction in the trial court. Tex. Ass'n of Bus. v. Tex. Air Control Bd., 852 S.W.2d
440, 446 (Tex. 1993). If necessary, we may review the entire record to determine if there is
jurisdiction. Id. If the petition does not allege jurisdictional facts, the trial court lacks subject matter
jurisdiction only when it is impossible to amend the pleadings to confer jurisdiction. Id. 

 Mullins contends the trial court was required to hold a hearing before dismissing his suit. 
When a trial court does not hold a hearing on a motion to dismiss, it may not dismiss a cause of
action on the ground that it has no arguable basis in fact. Gordon v. Scott, 6 S.W.3d 365, 369 (Tex.
App.-Beaumont 1999, pet. denied); see Lentworth v. Trahan, 981 S.W.2d 720, 722 (Tex. App.-
Houston [1st Dist.] 1998, no pet.). A hearing is not required for the trial court to properly determine
the suit had no arguable basis in law. Gordon, 6 S.W.3d at 369; Trahan, 981 S.W.2d at 722. To
determine whether the trial court properly decided there was no arguable basis in law, we examine
the types of relief and causes of action sought by the petition to determine whether, as a matter of
law, the petition stated a cause of action that would authorize relief. Gordon, 6 S.W.3d at 369;
Trahan, 981 S.W.2d at 722. In reviewing the dismissal, we must take as true the allegations in the
original petition. Gordon, 6 S.W.3d at 369; Trahan, 981 S.W.2d 722; see Harrison v. Tex. Dep't of
Criminal Justice-Inst. Div., 915 S.W.2d 882, 888 (Tex. App.-Houston [1st Dist.] 1995, no writ). 

 The Attorney General's office contends Mullins' claim has "no arguable basis in the law" and
has a slight realistic chance of ultimate success. (2) If a claim is barred by sovereign immunity, it has
no arguable basis in law. In a suit against a governmental entity, sovereign immunity must be
waived. Under the doctrine of sovereign immunity, a governmental unit is not liable for the torts of
its officers or agents in the absence of a constitutional or statutory provision creating such liability. 
Dallas County Mental Health & Mental Retardation v. Bossley, 968 S.W.2d 339, 341 (Tex. 1998). 
In the absence of the State's consent to suit, a trial court lacks subject matter jurisdiction and must
dismiss. Mullins alleges that sovereign immunity has been waived by the Texas Tort Claims Act. 
The Texas Tort Claims Act creates a limited waiver of sovereign immunity in certain situations. See
Tex. Civ. Prac. & Rem. Code Ann. § 101.021, et seq. (Vernon 1997). Therefore, this Court must
consider whether Mullins alleges a claim on which sovereign immunity has been waived. (3)

 Section 101.021 of the Act has been interpreted as waiving sovereign immunity in three
general areas: (1) use of motor-driven equipment, (2) premises defects, and (3) personal injuries
arising out of the condition or use of personal property. Tex. Dep't of Transp. v. Able, 35 S.W.3d
608, 611 (Tex. 2000). Only the last area is arguably applicable in this case. 

 Mullins alleges his injuries were caused by the Appellees' denial of medical supplies. This
amounts to a nonuse of property. "'Use' means 'to put or bring into action or service; to employ for
or apply to a given purpose.'" Tex. Natural Res. Conservation Comm'n v. White, 46 S.W.3d 864, 869
(Tex. 2001). Generally, the nonuse of property is not considered a "use of personal property" under
the Texas Tort Claims Act. (4) In certain situations, however, nonuse of property has been found to
be "use of property" under the Texas Tort Claims Act. (5) The Texas Supreme Court held in Kerrville
that the precedential value of these cases is "limited to claims in which a plaintiff alleges that a state
actor has provided property that lacks an integral safety component and that the lack of this integral
component led to the plaintiff's injuries." Kerrville State Hosp. v. Clark, 923 S.W.2d 582, 585 (Tex.
1996). 

 Further, the Texas Supreme Court held in Bossley that the waiver is limited to situations
involving some use of tangible property where the injury was proximately caused by a condition or
use of the tangible property. Bossley, 968 S.W.2d at 342. The court held that the "personal injury
or death must be proximately caused by the condition or use of tangible property." Id. at 343. 
Bossley involved the failure of a mental hospital to lock and activate alarms on a door, allowing the
patient to exit the facility and, after exiting, to be hit by a truck. Id. The court held that the "death
was distant geographically, temporally, and causally from the open doors" and therefore did not
proximately cause the death. Id. In Miller, the Texas Supreme Court held sovereign immunity was
not waived when an inmate died from meningitis due to the failure of the prison personnel to
diagnose and treat his condition in time. Tex. Dep't of Criminal Justice v. Miller, 51 S.W.3d 583,
588 (Tex. 2001). The court held that "the treatment did not actually cause his death. Neither the
drugs nor the treatment afforded to Miller hurt him or made him worse, in and of themselves." (6) 

 Mullins alleges that denial of medical supplies resulted in his injuries. As discussed above,
in order for nonuse of property to be "use" of property under the Texas Tort Claims Act, some
property must be used which lacks an integral safety component, and the use of the said "some
property" must proximately cause the injury. Mullins does not allege that he was provided with
medical supplies that lacked an integral safety component, but rather, that he was provided with no
medical supplies at all. While these medical supplies may have prevented his injuries, they did not
proximately cause them. As in Miller, the injuries were alleged to have been caused by his medical
condition, which was not adequately treated. Therefore, the allegations in Mullins' petition do not
give rise to a circumstance where the court would have subject matter jurisdiction due to a waiver
of sovereign immunity under the Texas Tort Claims Act. 

 Lastly, we note the trial court dismissed Mullins' claim with prejudice. Dismissal with
prejudice constitutes an adjudication on the merits and operates as if the case had been fully tried and
decided. Mossler v. Shields, 818 S.W.2d 752, 754 (Tex. 1991). A dismissal with prejudice will have
full res judicata and collateral estoppel effects. See Barr v. Resolution Trust Corp., 837 S.W.2d 627,
630-31 (Tex. 1992). Generally, the proper remedy, when a court lacks subject matter jurisdiction,
is to dismiss the case without prejudice. See Bell v. State Dep't of Highways & Pub. Transp., 945
S.W.2d 292, 295 (Tex. App.-Houston [1st Dist.] 1997, writ denied) (discussing remedies for a plea
to the jurisdiction); see Trahan, 981 S.W.2d at 723. If it appears that frivolous allegations "could
be remedied through more specific pleadings, a court of appeals should consider whether the district
court abused its discretion by dismissing the complaint with prejudice." Denton v. Hernandez, 504
U.S. 25, 34 (1992) (holding that, when inmate's error can be remedied, dismissal with prejudice is
improper); Thomas v. Skinner, 54 S.W.3d 845, 847 (Tex. App.-Corpus Christi 2001, pet. denied)
(dismissal with prejudice for failure to comply with Chapter 14 improper if plaintiff's failure can be
remedied); see Trahan, 981 S.W.2d at 723 (dismissal with prejudice improper for suit dismissed as
frivolous under Chapter 14). We are not prepared to say Mullins has no other possible cause of
action against Appellees arising out of the same facts. Therefore, the proper judgment is dismissal
without prejudice.

 We modify the judgment to dismiss the cause without prejudice and affirm the judgment as
modified. 


 Josh R. Morriss, III

 Chief Justice


Date Submitted: April 18, 2003

Date Decided: July 3, 2003



 
1. Chapter 14 was designed to control the flood of frivolous lawsuits being filed in the courts
of this State by prison inmates, consuming valuable judicial resources with little offsetting benefit. 
The Waco Court of Appeals has noted:

 

 Prisoners have everything to gain and little to lose by filing frivolous suits. It costs
them almost nothing; time is of no consequence to a prisoner; threats of sanctions are
virtually meaningless; and the prisoner can look forward to a day trip to the
courthouse. Thus, the temptation to file a frivolous suit is strong. Such suits,
however, waste valuable judicial resources and subject the state and its prison
officials to the burden of unwarranted litigation, preventing claims with merit from
being heard expeditiously.


Hickson v. Moya, 926 S.W.2d 397, 399 (Tex. App.-Waco 1996, no writ) (citations omitted).
2. The Texas Supreme Court discourages courts from dismissing suits due to a determination
that the inmate has a slight realistic chance of success. See Johnson v. Lynaugh, 796 S.W.2d 705,
706 (Tex. 1990).
3. The plaintiff has the burden to show that jurisdiction exists by alleging facts affirmatively
demonstrating that the trial court has subject matter jurisdiction. Tex. Ass'n of Bus. v. Tex. Air
Control Bd., 852 S.W.2d 440, 446 (Tex. 1993); City of Midland v. Sullivan, 33 S.W.3d 1, 6 (Tex.
App.-El Paso 2000, pet. dism'd w.o.j.).
4. Kerrville State Hosp. v. Clark, 923 S.W.2d 582, 584-85 (Tex. 1996); see Kassen v. Hatley,
887 S.W.2d 4, 14 (Tex. 1994); Amador v. San Antonio State Hosp., 993 S.W.2d 253 (Tex. App.-San
Antonio 1999, pet. denied); Ager v. Wichita Gen. Hosp., 977 S.W.2d 658 (Tex. App.-Fort Worth
1998, no pet.); Marroquin v. Life Mgmt. Ctr. for Mental Health/Mental Retardation Servs., 927
S.W.2d 228 (Tex. App.-El Paso 1996, writ. dism'd w.o.j.).
5. See Robinson v. Cent. Tex. Mental Health and Mental Retardation Ctr., 780 S.W.2d 169
(Tex. 1989) (providing some equipment for swimming, but no life preserver); Lowe v. Tex. Tech.
Univ., 540 S.W.2d 297 (Tex. 1976) (providing some football equipment, but no knee brace); Overton
Mem'l Hosp. v. McGuire, 518 S.W.2d 528 (Tex. 1975) (lack of rails on hospital bed); Hampton v.
Univ. of Tex., 6 S.W.3d 627 (Tex. App.-Houston [1st Dist.] 1999, no pet.) (hospital bed which did
not have rails raised or alarm activated). 
6. Tex. Dep't of Criminal Justice v. Miller, 51 S.W.3d 583, 588 (Tex. 2001). The dissent points
out the allegations that the treatment Miller received masked the symptoms of meningitis, which may
have prevented a more timely diagnosis. Id. at 593 (Enoch, J., dissenting).