NO. 07-02-0042-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



APRIL 24, 2002



______________________________




ATHENA ENERGY, INC., APPELLANT



V.



WESTAR EXPLORATION AND PRODUCTION COMPANY, APPELLEE




_________________________________



FROM THE 31ST DISTRICT COURT OF ROBERTS COUNTY;



NO. 1768; HONORABLE STEVEN R. EMMERT, JUDGE



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

 On April 19, 2002, the appellant filed a Motion to Dismiss averring that it no longer
desires to pursue the appeal. Counsel for appellant indicated that appellee has no
opposition to the dismissal. 

 Without passing on the merits of the case, the appellant's Motion to Dismiss is
granted and the appeal is hereby dismissed. Tex. R. App. P. 42.1(a)(1). No order
pertaining to costs is hereby made as all costs have been paid. Having dismissed the
appeal at the appellant's request and the appellee is not opposed to such a request, no
motion for rehearing will be entertained and our mandate will issue forthwith. 


 Phil Johnson

 Justice




Do not publish.




{
 if( bInlineFloats )
 eval( "document.all." + WPid + ".style.visibility = 'visible'" );
 else
 {
 if( floatwnd == 0 || floatwnd.closed )
 floatwnd = window.open( "", "comment", "toolbars=0,width=600,height=200,resizable=1,scrollbars=1,dependent=1" );
 floatwnd.document.open( "text/html", "replace" );
 floatwnd.document.write( "
\r\n" );
 floatwnd.document.write( "\r\n" );
 floatwnd.document.write( "
\r\n" );
 floatwnd.document.write( WPtext );
 floatwnd.document.write( '
Close');
 floatwnd.document.write( "
" );
 floatwnd.document.close();
 floatwnd.focus();
 }
}

function WPHide( WPid )
{
 if( bInlineFloats )
 eval( "document.all." + WPid + ".style.visibility = 'hidden'" );
}







NO. 07-09-0127-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

NOVEMBER 19, 2009
                                       ______________________________

UNIVERSITY MEDICAL CENTER, APPELLANT

V.

MARY B. HARRIS AND GREGORY E. HARRIS, APPELLEES
_________________________________

FROM THE 99TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2008-544,860; HONORABLE WILLIAM C. SOWDER, JUDGE
_______________________________

 
Before QUINN, C.J., and CAMPBELL, J., and BOYD, S.J.



OPINION
          Appellant University Medical Center brings an interlocutory appeal from the trial
court’s denial of its plea to the jurisdiction based on governmental immunity.


 Finding
appellees Mary Beth Harris and her husband Gregory E. Harris presented facts sufficient
to allege a use of tangible personal property by UMC and so bring their claim against UMC
within the limited waiver of governmental immunity provided by Texas Civil Practice and
Remedies Code §101.021(2), we will affirm.
Background
          On September 10, 2007, Mary Beth Harris underwent a hysterectomy in a UMC
operating room. Duncan Burkholder, M.D. performed the procedure, assisted by another
surgeon, a circulating nurse and scrub technician. The latter two were employees of UMC. 
UMC provided surgical instruments and supplies including sponges and surgical towels for
the procedure. 
          During Harris’s surgery, Dr. Burkholder requested a surgical towel.


 The scrub
technician responded by moistening a towel with saline solution and handing it to Dr.
Burkholder. Dr. Burkholder then packed the patient’s intestines with the towel. For this
function, he sometimes preferred a towel over a laparotomy sponge.
          After her discharge from UMC, Harris began experiencing pain and swelling. When
her symptoms persisted during two later trips to the emergency room, Harris was admitted
to UMC and on October 10 underwent a surgical procedure. In the course of this
procedure, a surgical towel was removed from her abdominal cavity. 
          Harris and her husband subsequently filed the underlying suit. UMC filed a plea to
the jurisdiction asserting it was the assumed name of Lubbock County Hospital District. 
It claimed governmental immunity from suit and alleged the Harrises’ claim did not show
her injuries were caused by its use of tangible personal property so as to come within the
limited statutory waiver of governmental immunity provided by Civil Practice and Remedies
Code section 101.021(2). Tex. Civ. Prac. & Rem. Code Ann. § 101.021(2) (Vernon 2005). 
The Harrises filed a response accompanied by the deposition of Dr. Burkholder. The trial
court denied UMC’s plea to the jurisdiction after a hearing. This interlocutory appeal
followed. 
Analysis
          Governmental immunity protects political subdivisions of the State from lawsuits and
liability for money damages. See Mission Consol. Indep. Sch. Dist. v. Garcia, 253 S.W.3d
653, 655 (Tex. 2008) (citing Reata Constr. Corp. v. City of Dallas, 197 S.W.3d 371, 374
(Tex. 2006)); Tex. A & M Univ. v. Bishop, 156 S.W.3d 580, 583 (Tex. 2005) (immunity
shields the State from liability for negligence of its employees). Governmental immunity
from suit deprives the trial court of subject-matter jurisdiction over a plaintiff’s claims
against a governmental entity. Harris County v. Sykes, 136 S.W.3d 635, 638 (Tex. 2004). 
          The Texas Tort Claims Act provides a limited waiver of immunity. Tex. Civ. Prac.
& Rem. Code Ann. §§ 101.001-.109 (Vernon 2005 & Supp. 2008). In part pertinent to the
present case, section 101.021(2) of the Act provides a governmental unit is liable for
personal injury caused by a use of tangible personal property if the governmental unit
would, were it a private person, be liable to the claimant according to Texas law. Tex. Civ.
Prac. & Rem. Code Ann. § 101.021(2) (Vernon 2005). “Use” means “to put or bring [the
property] into action or service; to employ for or apply to a given purpose.” San Antonio
State Hosp. v. Cowan, 128 S.W.3d 244, 246 (Tex. 2004) (internal quotations and footnote
omitted); Mount Pleasant Indep. Sch. Dist. v. Estate of Lindburg, 766 S.W.2d 208, 211
(Tex. 1989) (quoting Beggs v. Texas Dept. of Mental Health & Mental Retardation, 496
S.W.2d 252, 254 (Tex.Civ.App.–San Antonio 1973, writ ref’d)).
          A plea to the jurisdiction is a dilatory plea that seeks dismissal of a case for lack of
subject-matter jurisdiction. Sykes, 136 S.W.3d at 638. We review de novo the ruling of
a trial court on a plea to the jurisdiction as the existence of jurisdiction vel non is a question
of law. Houston Mun. Employees Pension Sys. v. Ferrell, 248 S.W.3d 151, 156 (Tex.
2007). When the pleadings are challenged, we consider the allegations in favor of the
plaintiff to determine if the plaintiff alleged facts affirmatively demonstrating the jurisdiction
of the trial court to hear the case. Tex. Dep’t of Parks & Wildlife v. Miranda, 133 S.W.3d
217, 226 (Tex. 2004). To the extent relevant to the issue of jurisdiction, we consider any
evidence received by the trial court. Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 555
(Tex. 2000); Texas Tech Univ. v Ward, 280 S.W.3d 345, 348 (Tex.App.–Amarillo 2008,
pet. denied). Unless a jurisdictional fact is challenged and conclusively negated, we must
accept it as true for determining subject-matter jurisdiction. See City of El Paso v. Heinrich,
284 S.W.3d 366, 378 (Tex. 2009) (court reviewing plea to jurisdiction takes as true all
evidence favorable to non-movant, indulging every reasonable inference and resolving any
doubts in its favor). 
           
          In their live petition, the Harrises allege UMC “acting by and through its . . .
employees” failed to exercise ordinary care in its dealing with Mary B. Harris in the
following particulars:
a.Failure to inventory all towels used during the procedure;
b.Failure to properly count all towels at the end of the surgery;
c.Failure to double check all counts for accuracy; and
d.Failure to confirm all towels were removed from the surgical site. 
We express no opinion on the sufficiency of the allegations of the Harrises’ petition alone
to establish a waiver of governmental immunity because, as the parties agree, our
jurisdictional analysis must include consideration of the evidence the Harrises offered in
opposition to UMC’s plea to the jurisdiction. See Wise Reg’l Health Sys. v. Brittain, 268
S.W.3d 799, 806 (Tex.App.–Fort Worth 2008, no pet.) (finding it unnecessary to determine
whether pleadings were insufficient to establish waiver of immunity because evidence
added “necessary factual specifics”). As noted, that evidence consisted of the deposition
testimony of the surgeon, Dr. Burkholder.
          As Dr. Burkholder described the surgical procedure with regard to instruments and
other items used during the surgery, the role of the scrub technician included handing
items to the surgeon and removing them from the surgical field. His testimony also
revealed that, in addition to their other duties, the circulating nurse and scrub technician
maintained a count of items brought into and removed from the surgical field, keeping up
with the count by entries on a dry erase board on the operating room wall. As the surgical
wound was closed, both the circulating nurse and the surgical technician again conducted
a physical count to verify the presence of the items brought into the surgical field. 
          To support its argument the evidence reflects no use of the towel by UMC, it focuses
on the count procedure. By its view, any failure of its employees to properly count items
used in surgery was a nonuse of tangible personal property or a misuse of information. 
While as a general proposition these actions, nonuse of tangible personal property and
misuse of information, do not constitute a use for purposes of section 101.021(2),


 we do
not agree that UMC’s actions were so limited.
          UMC also directs us to Bishop, 156 S.W.3d 580, and Cowan,128 S.W.3d 244,
contending they control our disposition of this case. In Cowan, a psychotic patient with a
suicidal ideation was involuntarily committed to a state hospital. 128 S.W.3d at 245. The
hospital took custody of Cowan and his personal effects but allowed him to keep his walker
and suspenders. Id. Two days later, Cowan employed a piece of pipe from his walker and
his suspenders to commit suicide. Id. In a suit by Cowan’s wife against the hospital, the
trial court denied the hospital’s plea to the jurisdiction. On interlocutory appeal, a divided
court of appeals affirmed. Id. at 24. 
          On review, the Texas Supreme Court disagreed with the trial court and court of
appeals, reversing and dismissing the case. 128 S.W.3d at 247. The court framed the
issue for disposition as “whether merely providing someone with personal property that is
not itself inherently unsafe is a ‘use’ within the meaning of the Act.” Id. at 245. The court
referred to its previous holding that waiver occurs under section 101.021(2) only when the
governmental unit is itself the user of personal property. Id. at 245-46. Thus, noted the
court, the hospital’s immunity was waived only for its own use of Cowan’s walker and
suspenders. Id. at 246. The court explained that “[a] governmental unit does not ‘use’
personal property merely by allowing someone else to use [the property] and nothing more. 
If all ‘use’ meant were ‘to make available’, the statutory restriction would have very little
force.” Id. at 246. Providing Cowan his walker and suspenders without more was not a
use of these items for the purpose of waiver of immunity. Id. 
          The court found the use Cowan’s wife alleged, allowing Cowan to have his walker
and suspenders, did not reach the level of use present in Overton Memorial Hospital v.
McGuire, 518 S.W.2d 528 (Tex. 1975) (per curiam). That is, in Overton the government-owned hospital did not merely allow use of its personal property, a bed without rails, by a
patient. Rather, it did more. It placed the patient in the bed as part of his post-operative
treatment. Cowan, 128 S.W.3d at 246-47 (citing Overton, 518 S.W.2d at 528). 
          In Bishop, two university faculty advisors provided the school’s drama club logistical
support and served as the club’s liaisons to the university. 156 S.W.3d at 581-82. The
club hired two independent contractors to direct a production and assist with props and
choreography. Id. at 582. The contractors decided a real knife was necessary for a
stabbing scene. Id. In a performance, the actor wielding the knife missed the protective
“stab pad” worn by a co-actor, stabbing and injuring the co-actor. Id. The injured actor
sued the university under a respondeat superior theory for conduct of the faculty advisors
and the contractors. Id. In finding no waiver of the university’s immunity from suit, the
court held the faculty advisors, who were university employees, did not take actions
meeting the definition of use of the knife.


 Id. at 583. 
          We find the facts of the present case significantly different from those in Cowan and
Bishop. In Bishop the university employees did not provide the knife. Indeed, they were
not even aware a real knife was to be used in the production. Bishop, 156 S.W.3d at 582. 
The university’s employees thus hardly could be said to have engaged in a use of the
instrument of injury. And in Cowan the hospital did not put or place Cowan’s walker and
suspenders into service or employ them for a given purpose. Rather, it merely allowed
Cowan to maintain possession of these items. Cowan, 128 S.W.3d at 245. Cowan also
would teach that UMC did not use the towel, in the Texas Tort Claims Act sense, if its role
was limited simply to “allowing someone else to use it and nothing more.” Id. at 246.
          Here UMC provided the towel for surgery, along with the surgical instruments and
other supplies such as sponges, a factor which alone distinguishes this case from Bishop. 
And, as distinguished from the hospital’s actions in Cowan, UMC did not merely make the
towel available, or merely allow the surgeon to use it. The circulating nurse and surgical
technician assisted in the surgery. According to Dr. Burkholder’s deposition testimony,
their role involved both the physical handling of surgical instruments and other items during
surgery,


 and a shared responsibility


 with the surgeon of insuring that objects placed into
the patient during surgery were removed. Accepting those jurisdictional facts as true for
our present purpose, Heinrich, 284 S.W.3d at 378, we find the actions of UMC’s operating
room employees constituted a use of the towel in their surgical treatment of Harris. 
Through its employees UMC employed the towel for a given purpose, the performance of
a surgical procedure on its patient. 
          Because we find the facts shown by the jurisdictional evidence sufficient to
demonstrate the trial court’s jurisdiction over the Harrises’ claims against UMC, we overrule
UMC’s issue and affirm the order of the trial court denying its plea to the jurisdiction. The
cause is remanded to the trial court for further proceedings.
 
                                                                           James T. Campbell

                                                                                    Justice