Opinion to: SJR TGT SN TJ EVK ERA GCH LCH JB














Opinion issued August 31, 2006

 

 

 

 









                                                                                                                                                            

     

 

 

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-05-00333-CV

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



CITY OF PASADENA, Appellant

 

V.

 

JAMES THOMAS, Appellee

 

 



On Appeal from the 334th District Court

Harris County, Texas

Trial Court Cause No. 2004-00532

 

 



O P I N I O N

          The
City of Pasadena
appeals the trial court’s order denying the City’s plea to the jurisdiction of
the court.  The City maintains that it is
immune from James Thomas’s allegations of negligence and negligent instruction,
as pleaded.  We hold that Thomas’s
pleadings do not allege a claim in negligence for which governmental immunity
is waived.  We therefore reverse the order
of the trial court.

BACKGROUND

          In
November 2003, Thomas performed community service for the City in lieu of
paying a municipal court fine.  A city
supervisor provided Thomas with a machete and instructed that he use it to cut
brush in a ditch.  While cutting brush,
Thomas slipped, and the machete blade lodged in the ground.  Thomas’s right hand then slid from the handle
to the machete’s blade, and he sliced three of his fingers.

          Thomas
claims the City negligently furnished him with a machete that lacked a guard,
or hilt, that would prevent a user’s hand from sliding over the blade.  He further alleges that the City negligently failed
to provide him with protective gloves. 
Finally, he alleges that the City negligently instructed him to cut
brush in a steep ditch.

          The
City filed a plea to the jurisdiction, asserting that the trial court does not
have subject matter jurisdiction over Thomas’s claims because the pleadings
fail to overcome the City’s presumption of immunity.  The trial court denied the plea.  The City appeals the interlocutory order.  See Tex. Civ.
Prac. & Rem. Code
Ann. § 51.014(a)(8) (Vernon
Supp. 2005).

JURISDICTION

          The
City complains that Thomas does not allege that the City’s use of tangible
personal property, as defined by the Texas Tort Claims Act, caused his injuries,
and thus it is immune from suit for a negligence claim.  Id.
§ 101.021(2) (Vernon 2005).

A. 
Standard of Review

          In
suits against governmental units, a plaintiff must affirmatively demonstrate
the court’s subject matter jurisdiction by alleging a valid waiver of
immunity.  Dallas
Area Rapid Transit v. Whitley, 104 S.W.3d 540, 542 (Tex. 2003). 
To determine whether the plaintiff has met that burden, “‘we consider
the facts alleged by the plaintiff and, to the extent it is relevant to the
jurisdictional issue, the evidence submitted by the parties.’”  Id.
(quoting Tex. Natural Res. Conservation Comm’n v. White, 46 S.W.3d 864,
868 (Tex.
2001)). 

          Whether
a court has subject matter jurisdiction is a question of law.  Tex.
Dep’t of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 226 (Tex. 2004).  In some cases, however, disputed
jurisdictional facts may require resolution by a fact-finder.  Id.  In reviewing a jurisdictional ruling, we
construe the pleadings liberally in favor of the plaintiff, look to the
pleader’s intent, and accept factual allegations as true.  Id.
at 226, 228; Tex.
Ass’n of Bus. v. Tex. Air Control Bd., 852
S.W.2d 440, 446 (Tex.
1993).  We indulge every reasonable
inference and resolve any doubts in the nonmovant’s favor.  Miranda, 133 S.W.3d at 228.

          If
the evidence creates a fact question regarding a jurisdictional issue, then the
trial court should not grant the plea until the fact issue is resolved.   Id.
at 227–28.  If the relevant evidence
is undisputed or fails to raise a fact question on the jurisdictional issue,
then the trial court should rule on the plea as a matter of law.  Id.
at 228.  Here, neither the City nor
Thomas submitted evidence, so we review Thomas’s petition and address whether
Thomas has pleaded facts sufficient to overcome the City’s presumption of
governmental immunity as a matter of law.  See Whitley, 104 S.W.3d at 542.

B. 
Negligence

          The
Tort Claims Act provides that governmental units are liable for “personal
injury . . . so caused by a condition or use of tangible personal . . . property
if the governmental unit would, were it a private person, be liable to the
claimant according to Texas
law.”  Tex.
Civ. Prac. & Rem.
Code Ann. § 101.021(2).  Section 101.021(2) waives immunity for a use
of personal property only if the governmental unit is the user.  San Antonio State Hosp. v. Cowan, 128
S.W.3d 244, 245–46 (Tex.
2004).  “Use” means “to put or bring into
action or service; to employ for or apply to a given purpose.”  Id.
at 246.

          Here,
Thomas contends that the City was negligent (1) “in failing to furnish [him]
with protective gloves in order to protect against injuries,” and (2) “in
furnishing [him] with a machete which had no guard on the handle to protect
one’s hand from sliding easily from the handle and over the blade.”  We first note that these pleadings do not allege
a waiver of governmental immunity in general because, in them, Thomas concedes
that the City was not a user of the personal property at issue.  A governmental unit does not use personal
property merely by furnishing it to someone else who uses it.  Id.  As the Texas Supreme Court observed, if “use”
means “to make available,” then the statutory restriction in the Tort Claims
Act would have very little force.  Id.  Thus, in the absence of use by a governmental
employee, a state entity is liable only if it provides property lacking an
integral safety component that leads to the plaintiff’s injuries.  Id. at 247.

          It
is this exception upon which Thomas relies, citing a series of cases in which
the Texas Supreme Court has found governmental immunity to be waived because
the equipment provided by the state actor lacked an integral safety
component.  See Robinson v. Cent. Tex.
MHMR Ctr., 780 S.W.2d 169, 171 (Tex. 1989) (providing no immunity for
mental health facility that failed to provide life preserver for epileptic
patient who subsequently drowned while swimming); Lowe v. Tex. Tech Univ.,
540 S.W.2d 297, 300 (Tex. 1976) (providing no immunity for university that
failed to provide proper safety equipment to football player, which led to knee
injury); Overton Mem’l Hosp. v. McGuire, 518 S.W.2d 528, 529 (Tex. 1975)
(“[I]f the Hospital is found negligent in providing a bed without guard rails,
it may not assert governmental immunity . . . .”).  

          The
Texas Supreme Court, however, has since limited these holdings, observing that
“these cases represent ‘the outer bounds of what we have defined as use of
tangible personal property.’”  Tex. A
& M Univ. v. Bishop, 156 S.W.3d 580, 584 (Tex.
2005) (quoting Kerrville State Hosp. v. Clark, 923 S.W.2d 582, 585 (Tex. 1996)) (“Bishop II”).[1]  Most recently, it has instructed courts to
apply the holdings in these cases “narrowly, only when an integral safety
component is entirely lacking rather than merely inadequate.”  Id.  Importantly, the failure to provide a “more
effective safety feature” does not waive immunity under the Tort Claims
Act.  Id.

          The
trial court in this case denied the City’s plea to the jurisdiction before the
Texas Supreme Court handed down Bishop
II.  Our court has the benefit of
that decision, which involves analogous facts. 
In that case, a student actor in a college play accidentally stabbed
another student actor during a performance of Dracula.  Id.
at 581–82.  The injured student sued the
university, alleging that immunity was waived by (1) providing an inherently dangerous
Bowie knife to the students that resulted in a stabbing injury, and (2) failing
to provide a stab pad to the student actor who was wounded.  Id. at 582–83.  Relying on the Robinson line of authority, Bishop contended that his allegations
sufficiently demonstrated a waiver of immunity because the property the State
provided—the knife—lacked an integral safety component.  Id.
at 584. 

          As
to the use of the knife, the Texas Supreme Court observed, “In this case, the
drama club faculty advisors did not themselves ‘put or bring [the knife] into
action or service’ or ‘employ [the knife] for or apply [it] to a given
purpose,’ as we have said the term ‘use’ intends.”  Id. at 583 (quoting Cowan, 128 S.W.3d at 246). 
The court further rejected Bishop’s reliance on the Robinson line of authority that the knife was inherently unsafe and
thus lacking an integral safety component. 
Id.
at 584.  Finally, the court rejected
Bishop’s claim that “the knife was inherently unsafe without an adequate stab pad.”  Id.  Substituting “machete” for the knife used in Bishop II, and “protective gloves” for a
stab pad, we conclude that the allegations in this case do not demonstrate a
waiver of governmental immunity.  See id. (rejecting notion that fact that
knife is inherently unsafe means that integral safety component was missing,
and noting that safer alternative does not mean that knife lacked integral
safety component).  Thus, assuming that a machete with a hilt may
be safer than one without a hilt, Bishop
II would not espouse the conclusion that a hilt is “an integral safety
component,” even given that a machete is dangerous for the very reason that it
is sharp.     

          Following
Bishop II, we hold that the nonuse of property as pleaded in this case does not
support a waiver of immunity under the Tort Claims Act.  See id. 
We therefore hold that the alleged facts are insufficient to survive a
plea to the jurisdiction.  See Whitley,
104 S.W.3d at 542. 

C.  Negligent
Supervision

          The
City further contends that Thomas’s alternative theory of negligent supervision
or instruction fails to establish a waiver of the City’s immunity.  We agree, following the Texas Supreme Court’s
holding in Bishop II for this aspect
of the case as well.

          Under
the Tort Claims Act, a plaintiff must allege an injury resulting from the
“condition or use of tangible personal . . . property.”  Tex.
Civ. Prac. & Rem.
Code Ann. § 101.021(2).  The Texas Supreme Court has held that
“information is not tangible personal property, since it is an abstract concept
that lacks corporeal, physical, or palpable qualities.”  Tex.
Dep’t of Public Safety v. Petta, 44 S.W.3d 575, 580 (Tex. 2001). 
Because information in the form of instructions is not tangible personal
property, it does not give rise to a claim under the Tort Claims Act.  Id.
at 580–81.  Negligent supervision of
Thomas’s use of the machete, without more, fails to waive the City’s immunity.  See Bishop
II, 156 S.W.3d at 583 (“To the extent Bishop claims the faculty advisors
allowed the [directors] to provide the knife by failing to properly supervise
the production, such negligent supervision, without more, does not constitute a
‘use’ of personal property that would waive TAMU’s immunity under section
101.021(2), else the failure to prevent any accident that involves tangible
personal property would come within the statute’s purview.”).[2]

CONCLUSION

          We
hold that Thomas’s pleadings are insufficient to allege a claim in negligence
for which governmental immunity is waived. 
Accordingly, we reverse the order of the trial court denying the City’s
plea to the jurisdiction, and remand the case to the trial court with an
instruction to grant the plea.

 

 

                                                          Jane
Bland

                                                          Justice

 

Panel consists of Chief Justice
Radack and Justices Alcala and Bland.











[1] Bishop II is the second appeal to the Texas Supreme Court
addressing jurisdictional issues in the same trial court cause number.  The first, Bishop v. Texas A & M
University, 35 S.W.3d 605 (Tex.
2000) (“Bishop I”), addressed whether
the individuals sued in the case were state actors for purposes of the Tort
Claims Act.





[2] In its fourth
issue, the City contends that even if immunity is waived under section
101.021(2), the acts complained of constitute discretionary acts under section
101.056.  See Tex. Civ. Prac. &
Rem. Code Ann. § 101.056 (Vernon 2005). 
Specifically, the City contends that its decision as to the type of
machete to use is a discretionary act for which immunity is not waived.  Because we conclude that the alleged conduct
involved nonuse of personal property and thus does not present a basis for
waiver of governmental immunity, we do not address the City’s alternative
ground for its jurisdictional plea.